UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SAMNANG LY** | : | |
| | : | CASE NO. 3:23-cv-2190 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | JUDGE: |
| **MASTER PRECISION MACHINING COMPANY, LLC d/b/a EDC MACHINING,** | : : : | |
| | : | **PLAINTIFF'S VERIFIED COMPLAINT** |
| and | : | |
| | : | |
| **JORDAN SLUSHER,** | : | |
| | : | |
| Defendants. | | |

COMES NOW Plaintiff Samnang Ly ("Plaintiff"), by and through his undersigned legal counsel, and for his Verified Complaint against Defendants Master Precision Machining Company, LLC d/b/a EDC Machining ("EDC") and Jordan Slusher ("Slusher") (collectively, "Defendants") alleges as follows:

## JURISDICTION, VENUE, AND PARTIES

1. Plaintiff is a resident of Ohio and is a resident of this judicial district. He is a former employee of Defendants.

2. Defendant EDC Machining is an Ohio limited liability company with its principal place of business located at 7556 Harris Road, Celina, Ohio 45822.

3. Defendant Slusher is the President and Owner of EDC.

4. The Court has jurisdiction over Plaintiff's Complaint because his claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

1

5. The Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same transaction or occurrence and share a common nucleus of operative fact with his federal claims.

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred herein and Defendants are otherwise subject to the personal jurisdiction of Ohio and this Court.

## FACTUAL ALLEGATIONS

7. Plaintiff was employed by Defendants as a Sales Project Manager from May 24, 2022, until August 17, 2023.

8. As part of his job duties, Plaintiff was required to lead sales efforts, maintain customer relationships, and implement and maintain Smartsheet applications for all activities in the company.

9. Plaintiff routinely worked in excess of 40 hours per week.

10. Defendants were aware that Plaintiff worked hours in excess of 40 hours in a week.

11. According to the Employment Contract entered into among the parties, Defendants agreed to compensate Plaintiff with an annual salary of $52,000 with "5% commission of total sales brought into the company." A true and accurate copy is attached hereto as **Exhibit A**.

12. Shortly after beginning his employment, Defendants agreed to raise Plaintiff's salary to $75,000 annually plus commissions.

13. Plaintiff's salary was paid on a monthly basis.

14. Upon information and belief, Plaintiff completed over $1.8 million in total sales. However, he has received only $5,000 in commissions.

15. Defendants terminated Plaintiff's employment on or about August 17, 2023.

16. As of the date of this filing, Plaintiff has not been compensated for the work he performed between August 1, 2023, through August 17, 2023.

17. Defendants have failed and refused to fully compensate Plaintiff for the work he performed during his employment.

18. On or about October 9, 2023, Defendants remitted a check to Plaintiff for unused PTO, less $2,940.56 for not working between August 18, 2023, through August 31, 2023.

19. Plaintiff remains uncompensated for wages he earned during his employment with Defendants.

20. Upon information and belief, Defendant Slusher is responsible for the pay practices complained of herein.

## CAUSES OF ACTION

### Count I: Violation of the Fair Labor Standards Act
### Failure to Pay Minimum Wage
### (As to All Defendants)

21. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that Defendants violated the Section 206 of the FLSA by failing and refusing to compensate Plaintiff under the required minimum wage.

22. Section 206 requires employers to pay each employee the federal minimum wage.

23. Defendants are "employers" within the meaning of the FLSA.

24. Plaintiff is an "employee" within the meaning of the FLSA.

25. Defendants have failed to remit the federal minimum wage to Plaintiff for hours worked during the pay period described above.

26. As a direct and proximate result of Defendants' unlawful action, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

### Count II: Violation of the Fair Labor Standards Act
### Failure to Pay Overtime
### (As to All Defendants)

27. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

28. Section 207 of the FLSA requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours per workweek.

29. Defendants permitted Plaintiff to work more than 40 hours in a workweek without overtime compensation.

30. Defendants violated the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA. Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

32. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

### Count III: Violation of Ohio Revised Code § 4111.02
### Failure to Pay Minimum Wage
### (As to All Defendants)

33. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that Defendants violated Ohio Rev. Code § 4111.02 by failing and refusing to compensate Plaintiff the required minimum wage.

34. Ohio Rev. Code § 4111.02 requires employers to pay each of their employees at a wage not less than the wage rate specified in Section 34a of Article II, Ohio Constitution.

35. Defendants are "employers" under Ohio law.

36. Plaintiff is an "employee" under Ohio law.

37. Defendants have failed to remit the state minimum wage to Plaintiff for hours worked in the pay period described above.

38. As a direct and proximate result of Defendants' unlawful action, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

### Count IV: Violation of Ohio Revised Code § 4111.01, *et seq.*
### Failure to Pay Overtime
### (As to All Defendants)

39. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

40. Ohio Rev. Code § 4111.03 requires employers to pay non-exempt employees one- and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

41. Ohio Rev. Code § 4111.10 makes employers who violate Ohio Rev. Code § 4111.03 liable to the affected employees in the amount unpaid wages, costs, and attorneys' fees.

42. Defendants violated Ohio Rev. Code § 4111.03 by failing to compensate Plaintiff at the required overtime rate.

43. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

### Count VI: Violation of Ohio Revised Code § 4113.15(B)
### (As to Defendant EDC)

44. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein and further alleges that Defendants have violated Ohio Rev. Code §

4113.15(B), the Ohio Prompt Pay Act ("OPPA"), by failing and refusing to compensate Plaintiff in a timely fashion.

45. OPPA mandates employees be paid in a timely fashion and provides penalties for an employer's failure to provide prompt payment.

46. Defendant EDC has failed and refused to fully compensate Plaintiff in the form of minimum wages, overtime, commissions, and paid time off within the allotted time.

47. As a direct and proximate result of Defendant EDC's unlawful actions, Plaintiff has suffered, and continues to suffer, economic harm in the form of lost wages, attorneys' fees, and costs.

### Count VII: Breach of Contract
### (As to Defendant EDC)

48. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

49. The Employment Contract is a valid and binding agreement between Plaintiff and Defendant EDC in which it agreed to timely compensate Plaintiff with an annual salary and with "5% commission of total sales brought into the company."

50. Defendant EDC's failure to pay Plaintiff his commissions at the agreed upon rate constituted a breach of the express contract made between the parties at the time Plaintiff was hired.

51. As a direct and proximate result of Defendant EDC's breach of contract, Plaintiff has been damaged in an amount to be proven at trial.

### VIII: Unjust Enrichment and Quantum Meruit
### (As to Defendant EDC)

52. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully restated herein.

53. Defendant EDC's failure to pay for the work performed by Plaintiff for its benefit unjustly enriched it, and it would be inequitable for Defendant EDC to retain those benefits earned by the Plaintiff under the circumstances present here.

54. Plaintiff is entitled to be paid by Defendant EDC an amount in quantum meruit for the work he performed for it, and for which work the parties intended and expected him be compensated fairly for.

55. As a result of Defendant EDC's breach of contract, Plaintiff has been damaged in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby demands judgment against Defendants as follows:

1. For an award of all unpaid wages, commissions, and other benefits to which he is entitled;
2. For liquidated damages in the amount required by law;
3. An award of post-judgment interest;
4. For reasonable attorneys' fees and costs in the prosecution of this action; and
5. Any and all further relief the Court determines to be just and equitable.

*/s/ Christopher P. Finney*
Christopher P. Finney (0038998)
Matthew S. Okiishi (OH: 96706; PHV pending)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6655
(513) 943-6669 (fax)
Chris@finneylawfirm.com
matt@finneylawfirm.com
*Attorneys for Plaintiff*

## VERIFICATION

I, Samnang Ly, declare as follows:

1. I am the Plaintiff in the present case.

2. I have personal knowledge of myself and my activities, including those set out in the foregoing Verified Complaint, and if called on to testify I would competently and truthfully testify as to the matters stated herein.

3. I have personal knowledge of Defendants Master Precision Machining, LLC d/b/a EDC Machining and Jordan Slusher's activities, including those set out in the foregoing Verified Complaint, and if called on to testify I would competently and truthfully testify as to the matters stated herein.

4. I verify under penalty of perjury under the laws of the United States of America that the factual statements in the foregoing Verified Complaint are true and correct.

Executed on October 31, 2023.

_____
Samnang Ly